Manuel Ramírez Santos, recurrente, *v.* El Registrador de la Propiedad de San Juan, Sección Segunda, recurrido.

Núm. 1106.—*Sometido:* Noviembre 2, 1942. *Resuelto:* Noviembre 4, 1942.

*Antonio L. López,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

De la escritura presentada al Registro de la Propiedad de San Juan, Sección Segunda, extractamos los siguientes hechos:

Por escritura pública de enero 3 de 1931, las menores Silvia María y María Socorro Viera Díaz, representadas por su madre doña Socorro Díaz Viuda de Viera, dieron a préstamo la suma de $4,000 a don·Manuel Ramírez Santos, quien otorgó, a favor de dichas menores y en garantía del préstamo, hipoteca sobre dos fincas, una radicada en Caguas y la otra en Río Piedras. En septiembre 7 de 1939, Manuel Ramírez Santos y su esposa traspasaron las dos fincas a las menores, en pago del préstamo contraído. En la escritura de dación en pago se estipuló y cedió el "privilegio de opción de compra" a dicho Manuel Ramírez Santos siempre y cuando que éste pagara el importe de cuatro mil dólares que fué el préstamo original efectuado entre las partes, los intereses vencidos, contribuciones y una cantidad razonable de ganancias.

En el mes de abril de 1942 la señora madre de las meno-res compareció ante la Corte de Distrito de San Juan y solicitó la aprobación del referido convenio y que se le autorizara

6

para vender las dos fincas a Manuel Ramírez Santos por precio de $5,500. En abril 24, 1942 la corte de distrito dictó su resolución aprobando y autorizando la venta, la que se llevó a efecto el primero de mayo de 1942 mediante la escritura que ha dado motivo al presente recurso. Las razones que tuvo el registrador para negarse a inscribir la venta a favor de Ramírez, el aquí recurrente, aparecen consignadas en nota que lee así:

"Denegado el precedente documento por observarse que en la autorización judicial no se dispone por la Corte que la venta se verifique por el Márshal mediante subasta pública, por tratarse de bienes pertenecientes a personas menores de edad, ni dicha venta se ha practicado en la forma antes expresada de conformidad con lo dispuesto por la ley y lo resuelto por la Corte Suprema repetidas veces, y tomada en su lugar anotación preventiva . . . en cuanto a la finca letra 'B' única perteneciente a la demarcación de este Registro."

■■ De acuerdo con los alegatos de una y otra parte, la cláusula por la cual se otorgó a Ramírez la opción para la compra de las propiedades, lee así:

"*Sexta:* Manifiesta la adquirente doña Socorro Díaz Viuda de Viera, que en caso de que ella interese vender esa finca, le cederá el privilegio de opción a los esposos don Manuel Ramírez Santos y a doña María Serrano Viera, para que ellos compren dichas fincas, empezando a contarse dicho privilegio de opción a partir de la fecha del otorgamiento de esta escritura hasta el término de un año, siempre que dichos esposos comparecientes paguen el importe total del capital e intereses aquí reseñados, todos los gastos en que se ha incurrido en el otorgamiento de esta escritura y su inscripción, inclusive las cantidades adeudadas en concepto de contribuciones al Pueblo de Puerto Rico."

Parece evidente que al impartir su aprobación al propuesto traspaso de las propiedades a Ramírez, la corte de distrito, no obstante haber tenido ante sí la escritura de dación en pago a favor de las menores, no tuvo en cuenta que el derecho concedido o reservado a Ramírez, que era en

realidad una preferencia para el caso de venta y no una "opción de compra", sólo podía ser ejercitado por Ramírez dentro de un término de un año, contado desde la fecha de la escritura de dación en pago, y únicamente en el caso de que la Sra. Viera interesare vender las fincas. Habiendo sido otorgada la escritura de dación en pago en septiembre 7 de 1939, el derecho de preferencia en caso de venta, concedido a Ramírez, dejó de existir en septiembre 7 de 1940, desde cuya fecha las dos menores se convirtieron en dueñas absolutas de las dos fincas, con derecho a venderlas libremente y sin obligación de dar preferencia alguna al recurrente Sr. Ramírez.

■ Asumiendo, sin resolverlo, que el derecho de preferencia reservado a Ramírez era, durante el término de su existencia, válido y obligatorio para las menores, ¿estaba facultada la corte de distrito, en abril 29 de 1942, diecinueve meses después de haber expirado el llamado privilegio de opción, para autorizar la venta de las propiedades a Ramírez, como si el supuesto privilegio a favor de éste aún existiera y prescindiendo del requisito legal de venta por el márshal y en subasta pública? Opinamos y resolvemos que la corte de distrito carecía de tal facultad y que la orden por ella dictada en abril 29 de 1942, autorizando la venta a Ramírez, en cumplimiento de la estipulación efectuada en la escritura de dación en pago, es nula por ser contraria a las disposiciones expresas de los artículos 80 y 82 de la Ley sobre Procedimientos Legales Especiales, artículos 614 y 616 del Código de Enjuiciamiento Civil, ed. 1933.

*La nota recurrida debe ser confirmada.*